J-S18015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | : PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| JASON A. WATTS | : |
| | : |
| Appellant | : No. 1513 MDA 2021 |

Appeal from the Judgment of Sentence Entered September 7, 2021
In the Court of Common Pleas of Luzerne County Criminal Division at No(s):
CP-40-CR-0001990-2020

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.:      **FILED: JULY 20, 2022**

Appellant, Jason A. Watts, appeals from the judgment of sentence of 33 to 66 months' incarceration, imposed after he pled guilty to one count of delivery of a controlled substance (methamphetamine), 35 P.S. § 780-113(A)(30).  On appeal, Appellant seeks to challenge the trial court's denial of his pre-sentence motion to withdraw his guilty plea, as well as the discretionary aspects of his sentence.  Additionally, Appellant's counsel, Matthew P. Kelly, Esq., seeks to withdraw his representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  After careful review, we deny counsel's petition to withdraw and remand with instructions.

The facts underlying Appellant's conviction are not pertinent to his present appeal. The trial court summarized the procedural history of his case, as follows:

This matter comes before the [c]ourt pursuant to a single count Criminal Information filed against the above-named [Appellant] by the District Attorney of Luzerne County on October 14, 2020, charging him with delivery of methamphetamine in violation of 35 [P.S.] § 780-113(A)(30). On June 14, 2021, represented by Attorney Girard Mecadon, of the Luzerne County Public Defender's Office, [Appellant] signed a guilty plea agreement and the [c]ourt conducted a colloquy of [Appellant] prior to accepting his guilty plea. Following the colloquy, the [c]ourt accepted [Appellant's] plea, scheduled sentencing for a separate date, and ordered a presentence investigation (PSI) to be completed by the Luzerne County Adult Probation and Parole Department prior to sentencing.

At the August 18, 2021 sentencing hearing, however, [Appellant] indicated to the [c]ourt that he wanted to withdraw his plea. [Appellant] was directed to file a written motion, and a hearing was scheduled for September 7, 2021. Attorney Mecadon filed a written motion on August 25, 2021, indicating that [Appellant] "wished to withdraw his guilty plea based on further review of his discovery." Motion to Withdraw filed 8/25/2021.

At the September 7, 2021 hearing, Attorney Mecadon indicated to the [c]ourt that [Appellant] wanted to withdraw his plea because discovery indicated that the suspect in this matter had initially been identified as Jason White, not Jason Watts. N.T.[,] 9/7/2021[,] at 4. The Commonwealth opposed the request to withdraw the plea, noting that in making the request, [Appellant] did not make any assertion of innocence. *Id.* at 3. The [c]ourt noted that [Appellant] was in possession of discovery well in advance of the June 14, 2021 guilty plea hearing, yet [he] did not raise the issue of identity at any time during the lengthy guilty plea colloquy conducted at the hearing, or at any point prior to facing a state sentence at the August 18, 2021 hearing. *Id.* at 3-5. Because [Appellant] had not offered adequate reasons for withdrawing his guilty plea, the [c]ourt exercised its discretion to deny the request. *Id.* [Appellant] was subsequently sentenced to a standard range sentence of 33

- 2 -

to 66 months' imprisonment in a state correctional institution. *Id.* at 7.

On September 17, 2021, [Appellant] filed a post-sentence motion [challenging] the denial of his motion to withdraw his guilty plea as well as the imposition of sentence. Motion filed 9/17/2021. With regard to [Appellant's] guilty plea, the post-sentence motion asked the [c]ourt to "reconsider that there are discrepancies in discovery which [Appellant] intends to explore[,] including but not limited to a warrant initially naming a Jason White then changed to Jason Watts." *Id.* at ¶ 5. With regard to the standard range sentence imposed, [Appellant's] post-sentence motion did not dispute the legality of that sentence, or assert that the sentence was excessive, but nevertheless asked the [c]ourt to exercise its discretionary power to "reconsider sentencing [Appellant to] the lower end of the standard range[,] in that his standard range was 27-40 but he was sentenced in the middle of the standard range at 33-66." *Id.* at ¶ 6.

[Appellant]'s post-sentence motion was subsequently denied by the [c]ourt on October 20, 2021. On November 18, 2021, Attorney Robert Buttner of the Luzerne County Public Defend[er]'s Office filed a Notice of Appeal on [Appellant's] behalf. Before this appeal was addressed, however, [Appellant] … filed a *pro se* Post Conviction Relief Act (PCRA) petition on December 7, 2021, raising allegations that counsel was ineffective. This prompted the Public Defender's Office to seek the appointment of conflict counsel. [*See*] Motion filed 12/9/2021. On December 10, 2021, the [c]ourt dismissed [Appellant's] PCRA petition without prejudice to [Appellant's] right to file a future PCRA petition upon resolution of his direct appeal. [*See*] Order filed 12/10/2021. Additionally, the [c]ourt directed that conflict counsel be appointed to represent [Appellant]. [*See*] Order filed 12/14/2021.

Attorney … Kelly has since entered his appearance on [Appellant's] behalf, and filed a [Pa.R.A.P.] 1925(b) [concise s]tatement of [e]rrors [c]omplained of on [a]ppeal on December 23, 2021, indicating that he intends to raise the following two questions on appeal:

    1. Whether the trial court abused its discretion or committed an error of law in denying [Appellant's] motion

to withdraw [his] guilty plea upon further review of discovery discrepancies.

2. Whether the trial court abused its discretion or committed an error of law in sentencing [Appellant].

Rule 1925(b) Statement filed 12/23/2021.

Trial Court Opinion (TCO), 1/26/22, at 1-3. The trial court filed its Rule 1925(a) opinion on January 26, 2022.

On March 22, 2022, Attorney Kelly filed with this Court a petition to withdraw from representing Appellant. That same day, counsel also filed an **Anders** brief, discussing the two issues that Appellant set forth in his Rule 1925(b) statement. Attorney Kelly concludes that these issues are frivolous, and states that Appellant has no other, non-frivolous issues he could pursue herein. **See Anders** Brief at 8, 10. Accordingly,

this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

- 4 -

> *Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied* … 936 A.2d 40 ([Pa.] 2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

After careful review, we must conclude that Attorney Kelly's *Anders* brief does not comply with all of the above-stated requirements. While Attorney Kelly includes a summary of the relevant factual and procedural history, refers to portions of the record that could arguably support Appellant's claims, and sets forth his conclusion that Appellant's appeal is frivolous, he fails to offer any explanation for that determination, or any citations to the record and/or pertinent legal authority to support it.

For instance, regarding Appellant's first issue, after Attorney Kelly sets for the law applicable to assessing a pre-sentence motion to withdraw a guilty plea, *see Anders* Brief at 6-7, counsel then states the following argument, in its entirety:

Here, there was limited testimony offered as evidence that the Appellant felt that he was innocent other than the Commonwealth's discovery responses. The evidence shows that the name was different (Jason White), and his date of birth is not the same as the Appellant. (N.T.[,] 9/7/2021[, at] 4). As for the Commonwealth, it made absolutely no credible argument that it would be prejudiced[,] other than the bald statement "the Commonwealth would likely be prejudiced by the withdrawal of the guilty plea[.]" ([*Id.* at] 3).

Therefore, Appellant contends that he offered a fair and just reason to withdraw his guilty plea prior to sentencing and the trial court abused its discretion in denying that motion.

Here, undersigned counsel, upon a conscientious examination of the record, has determined that the appeal is frivolous, and no meritorious issues exist. *Anders* … 386 U.S. 738…[;] *Commonwealth v. Lilley*, 978 A.2d 995 (Pa. Super. 2009)[.]

*Id.* at 7-8.

Attorney Kelly's argument regarding Appellant's second issue is similarly scant. Again, counsel sets forth the law regarding challenges to the discretionary aspects of sentencing, *see id.* at 9-10, and then provides the following, brief argument:

Here, Appellant contends that the trial court abused its discretion in not sentencing … Appellant to the lower end of the standard range of the sentencing code, which would have been 27-40 months rather than the 33-66 months sentence which he actually received. (N.T.[,] 9/7/2021[, at] 6). Appeals to the discretionary aspects of sentencing must raise a substantial question that the sentence violates the sentencing code or is contrary to the fundamental norms underlying the sentencing process. *Commonwealth v. Boyer*, 856 A.2d 149 (Pa. Super. 2004). When a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence appropriate under the sentencing code. *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super 2010).

Here, undersigned counsel, upon a conscientious examination of the record, has determined that the appeal is frivolous, and no

meritorious issues exist. *Anders* … 386 U.S. 738…[;] … *Lilley*, 978 A.2d 995…[.]

*Anders* Brief at 10.

We are compelled to conclude that Attorney Kelly's bald statement that Appellant's claims are frivolous is inadequate to meet the requirements of *Anders/Santiago*. Those decisions require that counsel state his *reason(s)* for concluding the appeal is frivolous, and articulate the *relevant facts* and *controlling law* that support his position. *See Santiago*, 978 A.2d at 361. Counsel failed to do so in this case.

Accordingly, we remand for Attorney Kelly to file either a new *Anders* brief that comports with the above-stated requirements, or an advocate's brief on Appellant's behalf. If counsel decides to file an amended *Anders* brief, he shall provide a copy of that brief to Appellant, as well as a letter reiterating to Appellant the rights set forth in *Nischan*.[1] Attorney Kelly shall comply with these directives within *twenty-one (21) days* of the filing date of this decision. Appellant shall then have *twenty-one (21) days* from the filing date of counsel's amended *Anders* brief to file a *pro se* response. Moreover, Attorney Kelly and Appellant shall serve their filings on the

---

[1] We note that Attorney Kelly attached to his petition to withdraw a copy of a letter he sent to Appellant advising him of the rights enumerated in *Nischan*. However, in an abundance of caution, we direct counsel to readvise Appellant of those rights if he chooses to file, and provide Appellant with, an amended *Anders* brief.

Commonwealth.[2] The Commonwealth may then either notify this Court that it does not intend to file a brief, or it may file a new brief within **twenty-one (21) days**.

Petition to withdraw denied. Case remanded with instructions. Panel jurisdiction retained.

---

[2] The Commonwealth filed a notice with this Court that it did not intend to file a response to Attorney Kelly's initial **Anders** brief.